**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

Triple P Ranch Realty Trust,
Richard W. Porter, Trustee


       v.                                Civ. No. 25-cv-522-LM-AJ

Town of Candia
Candia Police Dept.
Michael Thompson


## REPORT AND RECOMMENDATION

On February 25, 2026, the court ordered self-represented plaintiff Richard Porter, identifying himself as the trustee of the Triple P Ranch Realty Trust," to file an amended complaint to correct several deficiencies the court identified in his original filing.[1] Mr. Porter's amended complaint (Doc. No. 8) is before the undersigned magistrate judge for preliminary review. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). Though Mr. Porter timely filed an amended complaint, the new filing cures none of the identified deficiencies. This case should therefore be dismissed.

## Standard of Review

The magistrate judge conducts a preliminary review of pleadings, like Mr. Porter's, that are filed in forma pauperis.

---

[1] Local Rule 83.6(c) permits a trustee who is the sole beneficiary of a trust to represent the trust pro se. for purposes of preliminary review only, the court assumes, without deciding, that Mr. Porter fits within the Rule.

See LR 4.3(d).  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Factual Allegations

Like his original complaint, Mr. Porter's amended complaint and attachments appear to lack a coherent narrative. Mr. Porter alleges that United States Marshals arrested him in Woburn, Massachusetts in July 2016 based on a fugitive from justice warrant issued by the Candia, New Hampshire Police Department. He further alleges that the target of the warrant was actually a "Richard Porter" with a different middle name. Mr. Porter also asserts that he was arrested in 2006 for trying to evict an individual named Michael Thompson from a mobile home

Mr. Porter owns in Candia and that police "shielded" Mr.
Thompson from prosecution.

### **Analysis**

Federal Rule of Civil Procedure 8(a)(2) requires that a
complaint contain, among other things, "a short and plain
statement of the claim" showing that the pleader is entitled to
relief. Fed. R. Civ. P. 8(a)(2). To meet the minimum pleading
standard, a complaint need only give each defendant fair notice
of the claims against them as to allow them to mount a defense.
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While a
detailed telling of facts is not required, "the complaint should
at least set forth minimal facts as to who did what to whom,
when, where, and why[.]" Educadores Puertorriquenos en Accion v.
Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). The court may
dismiss a complaint if the plaintiff fails to comply with Rule
8(a)(2). See Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993).

Mr. Porter's amended complaint, even construed liberally,
does not give "fair notice" of the claims against any
prospective defendant.

In addition, given that the events Mr. Porter describes
happened roughly twenty years ago, they are barred by the
statutes of limitation in Massachusetts and New Hampshire. See
Brophy v. Goslin, No. 25-CV-10269-ADB, 2026 WL 478180, at *2 (D.
Mass. Feb. 19, 2026) (applying Massachusetts' three-year statute

of limitations to plaintiff's state law and civil rights claims); McNamara v. City of Nashua, 629 F.3d 92, 95 (1st Cir. 2011) (Applying New Hampshire's three-year limitation period under N.H. Rev. Stat. Ann. § 508:4 to plaintiffs' federal claims and tort claims under New Hampshire law.).

## Conclusion

Based on the foregoing, Mr. Porter's claims are barred by the applicable statute of limitations. The District Judge should therefore dismiss this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." Id. (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." Id.

_____
Andrea K. Johnstone
United States Magistrate Judge

April 9, 2026

cc:  Triple P Ranch Realty Trust, pro se
     Richard W. Porter, pro se

4